IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrence Frazier, *a/k/a Terrence Oneil Frazier,* Plaintiff, vs. Chief Mickey Boland; Detective Brian Lewis, Ware Shoals Police Department; Investigator Kenneth Downing, Greenwood Sheriffs Department, Defendants. | C/A No. 0:08-2764-TLW-PJG **REPORT AND RECOMMENDATION** |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the motion to dismiss of Defendants Boland and Lewis (Docket Entry 25) and the motion for judgment on the pleadings of Defendant Downing (Docket Entry 31). The plaintiff, a self-represented state pre-trial detainee who at the time relevant to this dispute was housed at the Greenwood County Detention Center ("GCDC"), filed this action pursuant to 42 U.S.C. § 1983 asserting that the defendants violated his constitutional rights. Frazier, an African American, essentially contends that the defendants are engaging in unlawful discrimination in violation of the Fourteenth Amendment to the United States Constitution by failing to charge Frazier's Caucasian accessory.

The defendants have moved to dismiss and for judgment on the pleadings. (Docket Entries 25 & 31.) By order of this court filed October 24, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Frazier was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately. (Docket Entry 27.) On November 4, 2008,

Frazier filed a response to the defendants' motion to dismiss. (Docket Entry 33.) Upon review of the docket, it appeared that Frazier did not specifically respond to Defendant Downing's motion for judgment on the pleadings, although the court notes that Downing's motion (Docket Entry 31) is virtually identical to Boland's and Lewis's motion (Docket Entry 25). In an abundance of caution, the court granted Frazier additional time to file a response to the Downing's motion for judgment on the pleadings. (Docket Entry 42.) Frazier did not respond. These motions are now before the court for a Report and Recommendation.

## BACKGROUND

At all relevant times, Frazier was a pre-trial detainee at the Greenwood County Detention Center ("GCDC"). Frazier was charged with assault and battery with intent to kill, assault with intent to kill, and possession of a firearm during a violent crime. Frazier asserts that the defendants have knowledge of an accessory to his alleged crime, Jonathan Murray. Frazier claims that the defendants have failed to charge Murray because Murray is Caucasian, and because Murray has a relative that works for the Greenwood County Sheriff's Department. Frazier claims that the defendant's failure to charge Murray when Frazier, an African American, has been charged, constitutes unlawful discrimination.

## DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party

who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

**B.     Frazier's Claim**

Frazier's claim fails as a matter of law for a variety of reasons. First, to the extent Frazier has sued Defendant Downing in his official capacity, Downing is entitled to immunity from suit because, as an arm of the state, he is entitled to sovereign immunity and is not a "person" under

Page 3 of 6

PJG

§ 1983. The Supreme Court has held that state agencies, divisions, departments, and officials are not "persons" under § 1983 and are entitled to Eleventh Amendment immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Accordingly, to the extent that Defendant Downing is sued in his official capacity, he is immune from suit, as he is treated as an "arm of the State" in this capacity. Will, 491 U.S. at 70-71; Gulledge v. Smart, 691 F. Supp. 947, 954 (D.S.C. 1988) (holding that both sheriffs and deputy sheriffs are agents of the State and immune from suit); see also Cone v. Nettles, 417 S.E.2d 523 (S.C. 1992) (stating that the sheriff and his employees are state officials).

To the extent Frazier has sued the defendants in their individual capacities, they are nonetheless entitled to summary judgment. Despite Frazier's contention otherwise, the named defendants have no authority to prosecute Murray. Under South Carolina law, that decision rests "solely in the prosecutor's hands." State v. Thrift, 440 S.E.2d 341, 346 (S.C. 1993). Furthermore, Frazier's sole accusation of discrimination rests on his complaint that he was charged with a crime while his white accomplice was not. Such allegations do not state a claim upon which relief can be granted, as decisions regarding whom to prosecute are entitled to absolute immunity. See, e.g., Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (holding that prosecutors when acting within the scope of their duties are entitled to absolute immunity from damages liability under § 1983). Finally, as Frazier has no enforceable right to institute a criminal prosecution, Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990), he does not have standing to seek redress for any failure to prosecute Murray. Notably, Frazier does not complain that he was charged because he is black; he simply

alleges that his accomplice was not charged because he is white (and has a family member who works for the Greenwood County Sheriff's Department). To have standing, a plaintiff must demonstrate a "substantial likelihood" that his injury will be redressed by the relief requested. Vermont Agency of Natural Res. v. United States, 529 U.S. 765, 771 (2000). Here, even if Murray were to be charged, Frazier's position would remain the same.

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the defendants' motions (Docket Entries 25 & 31) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 14, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).